# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAWRENCE R. BURFITT,
Plaintiff,

vs.

LINNEA MAHLMAN, et al.,
Defendants.

Case No. 1:16-cv-776

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, has filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Plaintiff has also filed two motions to amend the complaint (Docs. 6, 10), which are hereby **GRANTED** to the extent that the additional allegations contained in the proposed amendments will be considered part of the complaint subject to review at this screening stage. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against SOCF correctional staff members, Linnea Mahlman and Jeremy Oppi. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 6). In his amended complaints, plaintiff has added "B. Sparks," a "unit manager" at SOCF, as a defendant. (*See* Docs. 6, 10). In the original complaint, plaintiff essentially claims that defendants Oppi and Mahlman are liable for their roles in denying and/or disregarding his complaints about the use of excessive force at SOCF. Plaintiff specifically alleges that the defendants improperly denied his request to save a DVR recording of an incident that occurred at the prison on May 6, 2016, wherein plaintiff was allegedly harassed and threatened by a group of SOCF correctional officers in retaliation for his having filed complaints about two off-camera

3

beatings in 2015 and other incidents of mistreatment by prison staff. (*See* Doc. 1, Complaint, pp. 5-6, at PAGEID#: 7-8). The complaint contains the following specific factual allegations against defendants Mahlman and Oppi:

> After complaining of uses of ex[c]essive force here at [SOCF], I've recently requested to have unit manager "Jeremy Oppi" save the DVR that depicted my escort to Sgt. Dillow's office on Friday May 6th, 2016. . . . I put informal complaint in to "Oppi." He tells me that I'm tellin[g] a lie. Per the proper procedure of grievance, I was to send my informal in to the inspector to have it appealed by inspector "Mahlman." She den[ie]s my complaint to save the DVR because I didn't put the time on my grievance when it was on the informal I was appealing. She also impl[ie]s that [one of the correctional officers involved in the incident] does not work here when he worked the block of K4. . . . Now as I paint out my primary point in this statement of claim how they both ignored my chances of danger by officers here.

(*Id.*, p. 5, at PAGEID#: 8).

In the amended complaints, plaintiff further contends that defendant Sparks is also liable for denying and ignoring his complaints about the use of excessive force at SOCF. (Docs. 6, 10). The amendment to the complaint contains the following specific factual allegations:

> Since I've complained about Officers Tackett and Butler, unit manager "Sparks" den[ie]s my claims. Not only that but I never rec[ei]ved a response from my July 4th, 2016 complaint that I sent to Sparks. Inspector Mahlman claims that those complaints were answered, but I only rec[ei]ved one response. . . . Since we were moved from K side to J side where "Sparks" manages this unit, he den[ie]s my claims when I even give him clear detail in DRC's own policy to address the problem. . . . [H]e purposefully disregards my claims with apathy.

(*See* Doc. 6).

As relief, plaintiff requests $10,000 in damages from each defendant. (Doc. 1, Complaint, p. 7, at PAGEID#: 9). He also requests an investigation of SOCF "workers" and that "Central Office officials," including the Director of the Ohio Department of Rehabilitation and Correction, be "randomly investigated for corru[p]tion in covering up prisoners['] rights." (*Id.*).

4

Plaintiff's complaint, as amended, is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

In order to state a viable § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Here, plaintiff's factual allegations do not give rise to a plausible claim of federal constitutional dimension because he has no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited

therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Furthermore, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish,* 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). In the absence of any allegations that defendants Mahlman, Oppi or Sparks directly participated in any of the alleged instances of misconduct that gave rise to plaintiff's complaints to them, any claim against those defendants in their supervisory capacity for failing to investigate or take corrective action is simply insufficient to state to an actionable § 1983 claim. *Cf. Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee*, 199 F.3d

at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

Accordingly, in sum, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motions to amend the complaint (Docs. 6, 10) are **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1, Complaint), as amended (Docs. 6, 10), be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/4/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE R. BURFITT,
    Plaintiff,

vs.

LINNEA MAHLMAN, et al.,
    Defendants.

Case No. 1:16-cv-776

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc