# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAWRENCE R. BURFITT,
    Plaintiff,

    vs.

LINNEA MAHLMAN, et al.,
    Defendants.

Case No. 1:16-cv-776
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's amended complaint (Doc. 18), which the Court construes as plaintiff's third motion for leave to amend his complaint.

Plaintiff filed his initial complaint in this matter in July 2016. (*See* Docs. 1, 14). On October 6, 2016, plaintiff filed a motion to amend his complaint. (Doc. 6). He filed a second motion to amend the complaint on October 21, 2016. (Doc. 10). On November 4, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 13). The same day, the undersigned entered an Order and Report and Recommendation that granted plaintiff's first and second motions to amend the complaint and, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), screened the allegations in the complaint and the amendments to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. (Doc. 15).

In the initial complaint and the first and second proposed amendments, plaintiff alleged that defendants Oppi and Mahlman are liable for their roles in denying and/or disregarding his complaints about the use of excessive force at SOCF. Plaintiff specifically alleged that the

defendants improperly denied his request to preserve a video recording of an incident that

occurred at the prison on May 6, 2016, wherein plaintiff was allegedly harassed and threatened

by a group of SOCF correctional officers in retaliation for his having filed complaints about two

off-camera beatings in 2015 and other incidents of mistreatment by prison staff. (*See* Doc. 14 at

5-6). In the first and second amendments, plaintiff further alleged that defendant Sparks is also

liable for denying and ignoring his complaints about the use of excessive force at SOCF. (*See*

Docs. 6, 10).

The undersigned recommended that plaintiff's initial complaint (Doc. 14) as amended

(Docs. 6, 10) be dismissed with prejudice for failure to state a claim because plaintiff has no

federal constitutional right to an effective grievance procedure. (Doc. 15 at 5, 7). Further, the

undersigned noted "that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to

impute liability onto supervisory personnel." (*Id.* at 6). Thus, the undersigned concluded that,

[i]n the absence of any allegations that defendants Mahlman, Oppi or Sparks directly participated

in any of the alleged instances of misconduct that gave rise to plaintiff's complaints to them, any

claim against those defendants in their supervisory capacity for failing to investigate or take

corrective action is simply insufficient to state . . . an actionable § 1983 claim." (*Id.*).

On November 17, 2016, plaintiff filed a response to the Order and Report and

Recommendation. (Doc. 17). In his response, plaintiff stated that he "has no objections to the

magistrates [Report and Recommendation]." (*Id.* at 2). However, while the Order and Report

and Recommendation was pending with the District Court, plaintiff filed a notice of appeal from

the Order and Report and Recommendation. (Doc. 20). The Sixth Circuit dismissed plaintiff's

appeal because any review of the Order and Report and Recommendation lies with the District

Court. (Doc. 23). The Order and Report and Recommendation remains pending before the district judge.

Meanwhile, plaintiff filed the instant proposed amended complaint on December 8, 2016. (Doc. 18). In general, plaintiff continues to allege that defendants Mahlman, Oppi, and Sparks failed to properly respond to his grievances and/or failed to adequately supervise SOCF correctional officers. (*See id.* at 5, 7, 9). However, plaintiff also now alleges that on May 6, 2016, he got into an argument with defendant Oppi, during which he spit on defendant Oppi. (*Id.* at 5). Plaintiff alleges that defendant Oppi ordered correctional officers to attack plaintiff off camera the next day and that Oppi watched the attack from off camera and said "got you now nigger." (*Id.*).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1)(A). Any further amendment is permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005).

Here plaintiff's amended complaint, which is construed as his third motion for leave to amend, should be denied because of the undue delay in filing, failure to cure deficiencies by previous amendments, and futility. First, as to plaintiff's continued allegations that defendants Mahlman, Oppi, and Sparks failed to properly respond to his grievances and/or failed to adequately supervise SOCF officers, the proposed amended complaint is futile for the reasons

stated in the November 4, 2016 Order and Report and Recommendation. (*See* Doc. 15 at 5-7).

As to the new allegations against defendant Oppi, plaintiff never alleged any direct participation

by Oppi in his initial complaint, his first or second amendments, or his response to the November

2016 Order and Report and Recommendation. (*See generally* Docs. 6, 10, 14, 17). Plaintiff has

not provided any explanation for his failure to include these allegations in his prior filings.

Permitting plaintiff to amend his complaint at this juncture after his repeated failure to include

this new claim against defendant Oppi would only serve to further delay the resolution of this

case. Therefore, given plaintiff's "undue delay in filing" these allegations concerning defendant

Oppi and plaintiff's "repeated failure to cure deficiencies by previous amendments," he should

not be permitted to amend his complaint to add this claim. *Brumbalough*, 472 F.3d at 1001.

Accordingly, based on the foregoing, it is **RECOMMENDED** that plaintiff's amended

complaint construed as his third motion for leave to amend (Doc. 18) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 4/5/17

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAWRENCE R. BURFITT,                                    Case No: 1:16-cv-776
          Plaintiff,                                    Barrett, J.
                                                        Litkovitz, M.J.
     vs.

LINNEA MAHLMAN, et al.,
          Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).