# UNITED STATES DISTRICT COURT.
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAWRENCE R. BURFITT | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:16cv776 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Karen Litkovitz |
| LINNEA MAHLMAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## **OPINION AND ORDER**

This matter is before the Court on the Order and Report and Recommendations ("First R&R") (Doc. 15) and Report and Recommendation ("Second R&R") (Doc. 25) of the Magistrate Judge.

The Magistrate Judge set forth the facts of this case, and the same will not be repeated here except to the extent necessary to respond to Plaintiff's objections. Plaintiff filed an *in forma pauperis* civil complaint on July 26, 2016. Following two requests to amend his complaint, which were both granted, the Magistrate Judge entered the First R&R, recommending his complaint, as amended, be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b)(1) for failure to state a claim upon which relief may be granted against any of the named defendants. (Doc. 15).

In response to the First R&R, Plaintiff filed a Notice of Appeal to the Sixth Circuit (Doc. 20). The Sixth Circuit dismissed the appeal, finding that any review of the Magistrate Judge's ruling lies with the district court judge. (Doc. 22). Subsequently, the Magistrate Judge issued the Second R&R recommending his third motion for leave to amend be denied. (Doc. 25). The

Magistrate Judge explained that the new allegations against Defendant Oppi were not raised in his initial complaint, his first or second amendments, or his response to the First R&R, and Plaintiff had not provided any explanation for his failure to do so. (Id. at PageID 140). Accordingly, the Magistrate Judge concluded Plaintiff should not be permitted to amend his complaint given his undue delay in filing. (Id.). On April 17, 2017, Plaintiff filed his objections to the Second R&R. (Doc. 26).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Section V of Plaintiff's objections states the following:

> Thus pla[i]ntiff has presented ample evidence to draw a conclusion that puts the state in a clear picture of guilt. However due to the aggrivation [sic] of this case and pla[i]ntiff's attempts to keep it moving to trial [] pla[i]ntiff now resigns from persueing [sic] this case further. This longer more elaborated motion was prepared only to help the next person learn from my mistake and hope that it can push the next person(s) pass[ed] dismissal. Plaintiff has discovered new evidence in his pending case in w[h]ich he may be able to use against the state and its officials. I therefore resign from this case and hope it helps the next person . . .

(Doc. 26, PageID 144). The Court construes this as Plaintiff's intent to voluntarily dismiss his claims against Defendants.

2

To the extent Plaintiff does not wish to withdraw his claims against Defendants, the Court finds his objections are without merit. Although Plaintiff indicates he "has discovered new evidence in his pending case," his objections largely rehash the same arguments previously raised. Plaintiff does not, however, object to any specific portion of the Second R&R. General objections to the entirety of the Magistrate Judge's report have the same effect as a failure to object. *Howard*, 932 F.2d at 509. Thus, Plaintiff's objections to the Second R&R are without merit and are insufficient to direct the Court's attention to any particular issues contained therein.

Accordingly, Plaintiff's objections are **OVERRULED**.

Consistent with the foregoing, Plaintiff's Objections (Doc. 26) are **OVERRULED** and the Magistrate Judge's First R&R (Doc. 15) and Second R&R (Doc. 25) are **ADOPTED** in their entirety. Accordingly, it is hereby **ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                _s/Michael R. Barrett_
                                                Michael R. Barrett, Judge
                                                United States District Court